UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY NELSON, | No. C 12-5308 EMC (pr) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| RANDY L. TEWS, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner is currently incarcerated at the Federal Detention Center in Dublin ("FDC-Dublin"), and has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the rejection of his request for placement in a residential reentry center. The petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rules 1(b) and 4 of the Rules Governing Section 2254 Cases In The United States District Courts. His several miscellaneous motions also are before the Court for review.

## BACKGROUND

Petitioner is serving a 96-month prison sentence following a conviction in 2010 in the Northern District of Illinois on charges of bank fraud and mail fraud, *United States v. Nelson*, N.D. Ill. Case No. 06-cr-0005. He states that his current projected release date on that sentence is April 7, 2013. *See* Docket # 1, p. 3. Petitioner's designated institution in the Bureau of Prisons ("BOP") system is the Federal Correctional Institution, Forrest City Medium ("Forrest City"). Petitioner currently is housed at the FDC-Dublin for adjudication of criminal charges brought against him in

the Northern District of California in *United States v. Nelson*, N. D. Cal. Case No. CR 10-244 EMC. Pursuant to a plea agreement, Petitioner pled guilty to several charges on March 6, 2013, and is scheduled to be sentenced on May 22, 2013. *See* Docket # 95 in Case No. CR 10-244.

Petitioner alleges that he has incurable and life-threatening medical conditions. Docket # 1, p. 5. He receives medication and increased food for those conditions at FDC-Dublin.

Petitioner submitted a request to be placed in a residential reentry center ("RRC") for twelve months. On June 4, 2012, the FDC-Dublin warden denied the request, stating:

> An investigation into this matter reveals that you are currently housed at the Federal Detention Center (FDC), Dublin, California, as a holdover inmate. As a Medium security level inmate with In custody, you are not eligible for initial designation directly to an RRC. As a pretrial and holdover facility, FDC does not process inmates for pre-release RRC placement. Once you arrive at your designated institution and staff have the opportunity to evaluate your programming needs, a recommendation will be made for RRC placement. Although a judicial recommendation has been made in your case, the Bureau of Prisons makes the final determination in regard to inmate programming needs.

Docket # 1, p. 42.

Petitioner appealed the decision to the next level. The BOP regional director denied relief, stating that "[p]retrial, holdover, or detainee inmates are ineligible for RRC placement. Institution staff have utilized Program Statement 7310.04, Community Corrections Center (CCC) Utilization And Transfer Procedure, and the criteria set forth in the Second Chance Act of 2007 in making this decision." Docket # 1, p. 47. The regional director concurred with the Warden's response that, once Petitioner arrives at his "designated institution and staff have the opportunity to evaluate [his] programming needs, a recommendation will be made for RRC placement." *Id.*

Petitioner appealed to the BOP general counsel. Petitioner alleges that he has been told there is no record of the general counsel receiving his appeal, and that the appeal may have been misplaced. Docket # 1, p. 7.

Much of the § 2241 petition is devoted to arguments made in anticipation of a challenge to the petition based on non-exhaustion of administrative remedies. Petitioner contends that exhaustion would be futile. Petitioner also complains about the response of personnel at FDC-Dublin to his medical conditions, and urges that the Court should conclude "that applying the irreparable injury exception to the exhaustion requirement is appropriate." *Id.* at 11.

2

1  Petitioner contends that the reasons offered by BOP personnel to deny him placement in an
2  RRC "clearly conflict with federal law and the program statements of the BOP." Docket # 1, p. 13.
3  He further contends that prison officials at FDC-Dublin could obtain his central file and would have
4  everything needed to complete a thorough and complete evaluation of his programming needs for a
5  recommendation for an RRC placement. Docket # 1, p. 16. He further contends that he has
6  extraordinary medical circumstances that require specialized medical care and counseling that have
7  not been provided him. *Id.* He requests that the Court order the BOP and FDC-Dublin "to evaluate
8  the Petitioner without delay for placement" at an RRC "without excluding or denying the Petitioner
9  on the basis of being a holdover and immediately transfer" him to an RRC for a 12-month placement
10 under the Second Chance Act. *Id.* at 18.

## DISCUSSION

A. <u>Review of Petition</u>

A district court may entertain a petition for writ of habeas corpus challenging the execution of a federal sentence on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). A district court considering a petition will "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner alleges that the BOP's automatic denial of his request for placement in an RRC based on his status as a holdover inmate violated federal law. He appears to contend that the categorical exclusion is inconsistent with the requirement of individualized consideration of inmates for RRC placement under the Second Chance Act, *see* 42 U.S.C. §§ 17501-17555. Liberally construed, this claim is cognizable in a federal habeas proceeding and warrants a response.

Petitioner makes repeated references to medical care issues he has at FDC-Dublin. Many of his allegations suggest that he is mentioning the allegedly inadequate care in support of his argument that any failure to exhaust administrative remedies should be excused. *See* Docket # 1, pp. 9-11. If respondent raises a defense that administrative remedies have not been exhausted, the Court will

3

consider petitioner's medical arguments about his medical problems possibly excusing exhaustion. The Court also will consider the medical arguments made in his motion for leave to supplement the record (*see* Docket # 5, pp. 13-17, 27-37) in evaluating any motion to dismiss. However, no motion to dismiss is pending, and the arguments in favor of excusing any failure to exhaust are premature at this point. If petitioner wants to pursue a claim for relief about medical care he is or is not receiving at FDC-Dublin, he should file a *Bivens*[1] civil rights complaint to assert such a challenge to the conditions of confinement. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 [civil rights] action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"). The scope of the present habeas action is limited to whether Petitioner is entitled to be placed in an RRC, and does not include any claims for relief about his medical care.

B.    Petitioner's Motions

Petitioner has requested that his petition and medical records be filed under seal. There is a strong presumption favoring the public's right of access to court records which should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). "Counseling against such access would be the likelihood of an improper use, 'including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights.'" *Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986) (citation omitted). Here, the presumption favoring the public's right of access has not been overcome because the medical information is already a matter of public record. Petitioner described his medical ailments and filed copies of his medical records in his criminal case in the Northern District of Illinois without having the documents sealed. He discussed his medical condition throughout the brief at Docket # 359, and mentioned his medical conditions in his filings at Docket # 364 (at page 6), and 390 (at page 4) in the Northern District of Illinois case. He also attached numerous medical records to his brief at Docket # 359 in the Northern District of Illinois case. There is no reason for this Court to seal the documents to prevent disclosure of information that is already a matter of public record. The motion to seal the petition and medical records is DENIED. (Docket # 1.) If, in the future,

---

[1] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

4

Petitioner wants to file a document under seal in this action, he must comply with Northern District of California Local Rule 79-5.

Petitioner filed a "motion for class certification[,] motion to amend and showing of exception to the mootness doctrine[,] and motion for appointment of class counsel and/or counsel[,] and motion for leave to supplement the record." Docket # 5. The motions are DENIED in part and GRANTED in part.

*Pro se* prisoner plaintiffs and petitioners are not adequate class representatives able to fairly represent and adequately protect the interests of the class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"); *Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that *pro se* prisoner cannot adequately represent class). The request for class certification is denied because this action is being prosecuted by an unrepresented prisoner who would be unable to fairly represent a petitioner/plaintiff class. Petitioner's motion to amend to add the class action allegations is denied because it is not necessary to add the class action allegations in light of the determination that he may not proceed with a class action.

A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel at this time. The request for appointment of counsel therefore is denied. Insofar as Petitioner seeks counsel so that a plaintiff or petitioner class may be certified, the request is denied for the additional reason that there is a high likelihood that Petitioner's petition is or shortly will become moot and that would make Petitioner an inadequate class representative.

Petitioner's motion to supplement the record is granted. The Court will consider the argument about Petitioner's medical conditions and the exhibits attached to the motion if respondent files a motion to dismiss the petition for failure to exhaust administrative remedies on the RRC

placement claim. As mentioned in Section A, above, if Petitioner wants to assert a claim for relief about his medical care, he may file a *Bivens* civil rights action.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The petition states a cognizable claim and warrants a response.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the United States Attorney for the Northern District of California. The clerk shall also send a copy of the petition to the Attorney General of the United States in Washington, D.C. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent must file with this Court and serve upon the petitioner no later than **May 10, 2013,** an answer responding to the allegation of the petition and showing cause why a writ of habeas corpus should not be issued. The respondent shall file with the answer a copy of all documents that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **June 7, 2013**.

5. Petitioner is responsible for prosecuting this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner's motion for an extension of time to pay the filing fee is GRANTED. (Docket # 4.) The filing fee that was paid is deemed to have been timely paid. Petitioner's application to proceed *in forma pauperis* is DENIED as unnecessary now that petitioner has paid the filing fee. (Docket # 2.)

7. Petitioner's motion for class certification, motion to amend, and motion for appointment of class counsel and/or counsel are DENIED. (Docket # 5.) His motion for leave to supplement the record is GRANTED (Docket # 5) in that the record is supplemented with his

arguments and exhibits concerning his medical condition as relevant to any potential motion to dismiss for non-exhaustion of administrative remedies.

IT IS SO ORDERED.

Dated: March 22, 2013

_____
EDWARD M. CHEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. NELSON,

        Plaintiff,

v.

RANDY TEWS et al,

        Defendant.

Case Number: CV12-05308 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 22, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Anthony Nelson #32903-077
Federal Detention Center - Dublin
Housing Unit J1
5675 8th Street - Camp Parks
Dublin, CA 94568

Dated: March 22, 2013

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk

8