UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY NELSON,

    Petitioner,

    v.

RANDY L. TEWS, Warden,

    Respondent.

                                  /

No. C-12-5308 EMC (pr)

**ORDER FOR FURTHER BRIEFING ON MOOTNESS AND REMEDIES ISSUES**

    Michael Anthony Nelson, an inmate at the Federal Detention Center in Dublin ("FDC-Dublin"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the decision of the Bureau of Prisons ("BOP") to reject his request for placement in a residential reentry center ("RRC"). Mr. Nelson raises a substantial claim that he did not receive the individualized consideration to which he was entitled under 18 U.S.C. §§ 3621(b) and 3624(c), and instead was categorically rejected due to his status as a holdover/detainee inmate when he was told that, "as a result of [his] pending criminal charges in the Northern District of California, staff determined [he] would not be considered for RRC placement at that time." Docket # 8-1, p. 28; *see also* Docket # 8-1, p. 25 ("Pretrial, holdover, or detainee inmates are ineligible for RRC placement.") The Court's analysis of the petition would be greatly aided by additional briefing and evidence from the parties concerning two issues.

    In their briefs, the parties disagree as to whether the petition has become moot due to Mr. Nelson's completion of the prison sentence imposed by the U.S. District Court for the Northern District of Illinois. Respondent contends that, since the prison sentence has been completed, the

1  BOP no longer has authority to decide where Mr. Nelson should be housed. Mr. Nelson responds
2  that his claim falls within the capable-of-repetition-yet-evading-review exception to the mootness
3  doctrine because the existence of other pending criminal charges will cause him to again be
4  subjected to the same improper decision-making by the BOP. He has pled guilty pursuant to a plea
5  agreement that contemplates another prison sentence for him; he is awaiting sentencing in this
6  district. *See* Docket # 95, # 96, p. 7, and # 100 in *United States v. Nelson*, N. D. Cal. No. CR 10-244
7  EMC. Mr. Nelson urges that he will again have the same status (*i.e.*, he will be a holdover/detainee
8  inmate) when the BOP next considers him for RRC placement because there are arrest warrants
9  from a state court in Georgia and a detainer from the Northern District of Illinois.[1] The Court wants
10 more information about those assertions. First, it is unclear whether the arrest warrants actually are
11 outstanding. While Mr. Nelson suggests in his traverse that they are outstanding, he earlier
12 presented evidence indicating that the warrants have expired. *Compare* Docket # 10, p. 25 (traverse)
13 *with* Docket # 5, pp. 20 (August 4, 2011 letter from court support manager at the Magistrate Court of
14 Fulton County Criminal Warrants Division stating: "Your warrants are expired due to statute of
15 limitations.") Second, Mr. Nelson urges that there is a detainer from the Northern District of
16 Illinois, but the nature of the detainer is unclear. The parties are requested to present additional
17 argument and/or evidence clarifying (1) whether there are arrest warrants from the state court in
18 Georgia that will result in Mr. Nelson being considered to be a holdover/detainee inmate by the
19 BOP; (2) the nature of the detainer from the Northern District of Illinois; and (3) whether the
20 detainer from the Northern District of Illinois will result in Mr. Nelson being considered to be a
21 holdover/detainee inmate by the BOP. The evidence and arguments should attempt to aid the Court
22 in determining whether the petition fits within the capable-of-repetition-yet-evading-review
23 exception to the mootness doctrine.

---

[1] Mr. Nelson indicates that there are two outstanding warrants for his arrest: (1) a warrant from the Fulton County (Georgia) Superior Court dated June 2, 2006 for Mr. Nelson's arrest on a charge of practicing law without a license, and (2) a warrant from the Fulton County (Georgia) Superior Court also dated June 2, 2006 for his arrest on a charge of theft by deception. *See* Docket # 10, pp. 47-48. He also states that the Northern District of Illinois has issued a detainer against him in his criminal case in that district. *See* Docket # 10, pp. 49-50.

The Court also needs more information about the remedies that may be available if a violation of Mr. Nelson's federal rights is found. In his habeas petition, Mr. Nelson asks the Court to order the BOP to (1) evaluate Mr. Nelson for placement in an RRC without excluding him just because he is a detainee/holdover inmate and (2) immediately transfer him to an RRC for a 12-month placement. *See* Docket # 1, p. 18. Neither the answer nor the traverse discuss at any length the issue of possible remedies. The parties must file supplemental briefs addressing the potential remedies available. The Court is particularly interested in obtaining the parties' views on injunctive relief, *i.e.*, whether a habeas court may issue an injunction disallowing future rejection of RRC placement based solely on Mr. Nelson being a holdover/detainee inmate; whether such an injunction would bind the BOP as well as the warden at FDC-Dublin; and whether the BOP can be joined as a real party in interest if it otherwise would not be bound by an injunction.

The Court now sets this briefing schedule: No later than **July 12, 2013**, Respondent must file and serve a supplemental brief with any relevant evidence to address the issues in this order. No later than **August 2, 2013**, Petitioner must file and serve a supplemental opposition brief with any relevant evidence to address the issues in this order. Each party's supplemental legal argument may not exceed **fifteen pages** in length.

Plaintiff's motion to exceed the page limits on the traverse is GRANTED. (Docket # 10.) The traverse has been filed.

IT IS SO ORDERED.

Dated: June 28, 2013

_____
EDWARD M. CHEN
United States District Judge