UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY NELSON,<br><br>   Petitioner,<br><br>  v.<br><br>RANDY L. TEWS, Warden,<br><br>   Respondent.<br>_____/ | No. C-12-5308 EMC (pr)<br><br><br><br>**ORDER OF DISMISSAL** |

## I. INTRODUCTION

  Michael Anthony Nelson, currently incarcerated at the Federal Detention Center in Dublin ("FDC-Dublin"), filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the rejection of his request for placement in a Residential Reentry Center ("RRC"). For the reasons discussed below, the court concludes that the petition has become moot and must be dismissed.

## II. BACKGROUND

  On April 19, 2012, while in the custody of the Bureau of Prisons ("BOP"), Mr. Nelson submitted a request to prison officials to be placed in an RRC for twelve months. At that time, Mr. Nelson was serving a 96-month prison sentence following a 2010 conviction in *United States v. Nelson*, N.D. Ill. Case No. 06-cr-0005 (the "Illinois" case). Also at that time, Mr. Nelson had been brought to FDC-Dublin to face additional charges in the Northern District of California in *United States v. Nelson*, N. D. Cal. Case No. CR 10-244 EMC (the "California" case). The BOP denied Mr. Nelson's request for RRC placement because Mr. Nelson was a pretrial detainee/holdover inmate in

a pretrial/holdover facility.[1]  *See* Docket # 1 at 47 (BOP regional director denies relief, stating that "[p]retrial, holdover, or detainee inmates are ineligible for RRC placement"); Docket # 1 at 42 (warden denies request, stating "[a]s a pretrial and holdover facility, FDC does not process inmates for pre-release RRC placement").

On October 15, 2012, Mr. Nelson filed this action to challenge the BOP's denial of his request to be placed in an RRC for the final months of his Illinois sentence.  He asserted in his petition for writ of habeas corpus that he did not receive the individualized consideration for pre-release placement in an RRC based on the five criteria listed in 18 U.S.C. § 3261(b) to which he was entitled under 18 U.S.C. § 3624(c).[2]

After he filed this action, Mr. Nelson's status changed.  He completed service of his Illinois sentence on April 5, 2013.  He also pled guilty to several charges on March 6, 2013, and was sentenced on August 21, 2013 to 42 months' imprisonment in the California case.  *See United States v. Nelson*, No. CR 10-244 EMC, Docket # 111 at 2.  These changed circumstances require the Court to consider whether the habeas petition has become moot.

### III.  DISCUSSION

Article III, § 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings.  This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S.

---

[1] The parties do not define the term "holdover facility," but it appears to refer to an institution that holds inmates who are en route to different institutions.  *See* BOP Program Statement 5290.14 at 1 ("Pretrial inmates and inmates in holdover status (en route to a different institution) . . .").

[2] 18 U.S.C. § 3624(c) provides: "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility." When a prisoner requests a transfer to an RRC under § 3624(c), the BOP must make an individualized determination taking into consideration each of the five factors listed in 18 U.S.C. § 3621(b), which governs the "authority of the BOP to designate a prisoner's placement in general while he or she is in the BOP's custody." *See Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010); *see also Rodriguez v. Smith*, 541 F.3d 1180, 1186 (9th Cir. 2008).

2

472, 477 (1990); *see, e.g., McCullough v. Graber*, No. 11-16920, slip op. at 7 (9th Cir. July 11, 2013) (habeas petition challenging rejection of petitioner's application to the SCA's elderly offender pilot program was moot because the pilot program no longer existed and the relief requested was no longer available). A claim that has become moot must be dismissed. *See McCullough*, slip op. at 6.

Mr. Nelson's habeas petition became moot when his Illinois sentence ended. Once that sentence ended, the court could not grant him appropriate relief, i.e., it was too late for the court to order the BOP to give him individualized consideration for RRC placement on his Illinois sentence. *Cf. Weinstein*, 423 U.S. at 149 (where petitioner had obtained a complete release from post-incarceration supervision after filing suit, the dispute became moot because there was no reasonable expectation that he again would be subjected to the same complained-of procedural problems in parole hearings). Moreover, upon the filing of the criminal complaint in this case, Mr. Nelson could not be released without a pretrial bail order of this Court.

The fact that Mr. Nelson has received a new prison sentence in his California case does not revive this claim and save this petition from mootness. It was the categorical nature of the BOP's rejection of his application – *i.e.*, rejection because he was a pretrial detainee/holdover inmate at a pretrial/holdover facility – that gave life to Mr. Nelson's federal habeas petition challenging the BOP's failure to provide the statutorily required individualized consideration of his request. That he will again be imprisoned under a new sentence does not establish a likelihood that he will again suffer the categorical denial of his request. There are no outstanding warrants or detainers listed on his rap sheet as of June 28, 2013. *See* Docket # 12-1 (Davis Decl.) at 3-4. It would be sheer speculation that Mr. Nelson will someday be a detainee holdover inmate and be subjected to the same alleged violation of his statutory rights during his sentence on the California case. *Cf. Hubbart v. Knapp*, 379 F.3d 773, 777-78 (9th Cir. 2004) (habeas petitioner challenging his original 2-year commitment as a sexually violent predator presented a claim capable of repetition because he had "already been subject to a second SVPA commitment proceeding, which he argues was just as unconstitutional as the first," and could evade review because the 2-year term made it likely that his habeas action would not reach a federal appellate court before the challenged term expired).

3

Respondent has met his "heavy burden" to show that the petition has become moot. *See Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) (party seeking dismissal bears the "heavy burden" to show the action is moot).

### IV. CONCLUSION

The petition for writ of habeas corpus is **DISMISSED** as moot.

Mr. Nelson's motion to stay proceedings, to hold the case in abeyance, or for a preliminary injunction pending a final ruling is **DENIED**. (Docket # 17.) Having dismissed the petition as moot, there is no reason to stay the action or issue any interim relief.

The Clerk shall close the file.

IT IS SO ORDERED.

Dated: September 19, 2013

_____
EDWARD M. CHEN
United States District Judge